ON APPLICATION FOR REHEARING
PER CURIAM.
In its application for rehearing, Bayou Landing Limited, Inc., correctly points out we erred in reciting that the pornographic *29 material was confiscated by vice squad detectives on June 2, 1976 when, in fact, the seizure was made June 2,1975. Our factual error does not change the result.
We reaffirm our conclusion that R.S. 13:4711 et seq., as amended, is constitutional because the right to demand a speedy hearing is made available. In this case the petition for injunction was not filed until one year and two days after the seizure; however, during that period, defendant took no action to have its pornographic material returned. In fact it acquiesced in the delays and affirmatively waived constitutional complaints of not having been provided a speedy hearing by applying for a continuance after the petition for injunction was filed. R.S. 13:4713 sets forth the procedure for an expeditious adjudication, but permits the adverse party to consent to delays in the hearing.
The application for rehearing is denied.

APPLICATION DENIED.